IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| RALPH JAMES MERCADO, | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV208-163 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR295-6) |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ralph Mercado ("Mercado"), who is currently incarcerated at the United States Penitentiary, Florence Administrative Maximum Facility in Florence, Colorado, filed a Motion entitled "Lack of Jurisdiction Motion Pursuit (sic) to Rule 60(b)". The Government filed a Response, and Mercado filed a Reply. For the reasons which follow, Mercado's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Mercado pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(d), and to one count of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). The Honorable Anthony A. Alaimo sentenced Mercado to 300 months' imprisonment on the bank robbery count and 60 months' imprisonment on the firearms count, to be served consecutively, on June 23, 1995. Mercado filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Mercado's sentence in 1997. This Court adopted the Eleventh Circuit's judgment as its

judgment on May 15, 1997. (Case Number CR295-6, Doc. No. 101). On April 6, 1998, Mercado filed a motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255. The undersigned denied Mercado's motion by Order dated April 8, 1998, and directed Mercado to file his section 2255 motion within the applicable time limits. (Id. at Doc. No. 104). Mercado did not file a motion to vacate, set aside, or correct his sentence pursuant to § 2255.

In this Motion, Mercado contends that the probation officer who prepared his Pre-Sentence Investigation Report ("PSI") committed a fraud on the Court by providing misleading information in the PSI, particularly the prior convictions used to calculate Mercado's criminal history points.

The Government asserts that Mercado's motion is an untimely section 2255 motion. In the alternative, even if Mercado's motion is considered a Rule 60(b) motion, the Government asserts that this Rule is an improper vehicle in a criminal case and is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

District courts have an obligation to look behind the label of a pro se inmate's motion to determine whether the motion is "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). A petitioner seeking to challenge the legality of the imposition of his sentence should seek relief under 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Motions made pursuant to this section are subject to a statute of limitations period. This limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit affirmed Mercado's convictions and sentences in 1997, and this Court adopted the Eleventh Circuit's judgment on May 15, 1997.[1] Mercado had ninety (90) days to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. SUP. CT. R. 13.1. Mercado's conviction became "final" on August 13, 1997, and he had one (1) year to file a timely § 2255 motion, or until August 13, 1998. Mercado filed the instant motion on November 26, 2008, more than ten (10) years after the applicable statute of limitations period expired.

---

[1] The Court's docketing system does not provide a link to the Eleventh Circuit's decision, and thus, the undersigned was not able to determine on what date the Eleventh Circuit affirmed Mercado's convictions and sentences. Accordingly, the undersigned has used the date this Court adopted the Eleventh Circuit's judgment as the statute of limitations triggering event.

The undersigned notes Mercado's assertions that his motion is not a section 2255 motion, but a motion made pursuant to Rule 60(b), and that the Government has mischaracterized his motion. Mercado relies on Zakrzewski v. McDonough, 490 F.3d 1264 (11th Cir. 2007), in support of these assertions. However, Mercado's reliance on Zakrzewski is misplaced. In that case, the Eleventh Circuit determined that a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, asserting a request for relief from a judgment obtained based on a fraud committed on the court was not a second or successive habeas corpus petition. Zakrzewski, 490 F.3d at 1267. In reaching this holding, the Eleventh Circuit noted that the petition did not assert or reassert allegations of error which occurred during his state convictions, and the district court erred in concluding that the petitioner's Rule 60(b) motion was a successive habeas corpus petition. Id. Mercado has not filed a previous section 2255 motion, and this motion should be dismissed as being untimely filed. The holding in Zakrzewski is applicable in the context of second or successive habeas corpus petitions, not untimely § 2255 motions.[2]

Even if this Court were to consider Mercado's motion as being brought pursuant to Rule 60(b), he would not be entitled to his requested relief. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature." FED. R. CIV. P. 1. Rule 60(b)(3) provides that a court may relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. However, the Eleventh Circuit repeatedly has "held that Rule 60(b) does

---

[2] The undersigned acknowledges that district courts have a duty to notify a petitioner that his motion is being characterized as a section 2255 motion and the procedural constraints applicable to section 2255 motions. However, if the applicable statute of limitations period already expired by the time the petitioner files a collateral attack of his conviction and/or sentence, it is not necessary to inform the petitioner of the court's characterization. United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004).
AO 72A
(Rev. 8/82)

4

not provide for relief from a judgment in a criminal case." United States v. Whisby, 323 F. App'x 781, at *1 (11th Cir. Apr. 17, 2009) (quoting cases). Accordingly, Mercado is not entitled to relief pursuant to Rule 60(b).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mercado's Motion be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE